FILED
Western District of Washington
at Seattle

JUL 6 2009

U.S. Bankruptcy Court

HON. SAMUEL J. STEINER
Chapter 15

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

DELOITTE & TOUCHE, INC.
    as Foreign Representative of

EVERGREEN GAMING CORP.,
    Debtor in a Foreign Proceeding.

Case No. 09-13567 (SJS)

ORDER RECOGNIZING FOREIGN MAIN PROCEEDING PURSUANT TO CHAPTER 15 AND RECOGNIZING DELOITTE & TOUCHE, INC. AS FOREIGN REPRESENTATIVE WITH RESPECT TO EVERGREEN GAMING CORPORATION AND WASHINGTON GAMING, INC.

THIS MATTER having come before the Court upon the application of Deloitte & Touche as the Monitor appointed in the Evergreen Group CCAA Proceeding[1] now pending in the Supreme Court of British Columbia, Canada, by and through its counsel of record, Bruce MacIntyre and Perkins Coie LLP, for entry of an order, pursuant to 11 U.S.C. §§105(a), 1504, 1507, 1515, 1517, 1519, 1520 and 1521, recognizing the CCAA Proceeding as a foreign main proceeding (the "Application"); the Court having considered the files and record herein, including the Declarations of Cory Coyle, Jervis Rodrigues and John Sandrelli filed in support of the Application and the Chapter 15 Petition; and having

---

[1] Capitalized terms not defined herein shall have the same meaning as in the Application for Recognition of Foreign Main Proceeding and Memorandum of Law In Support Thereof (the "Application") on file in this case.

ORDER RECOGNIZING FOREIGN MAIN
PROCEEDING PURSUANT TO CHAPTER 15 – 1

70919-0001/LEGAL15704216.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

reviewed the Settlement Approval Order attached hereto as Exhibit 1 and the Receivership Appointment Order attached hereto as Exhibit 2, both entered by the Supreme Court of British Columbia on July 3, 2009, as well as the pleadings and other materials on file in this case; and having considered the submissions and arguments of counsel, the Court finding that the CCAA Proceeding now pending in Vancouver, British Columbia, Canada under the Canadian Companies' Creditors Arrangement Act which was commenced by the Debtors on April 15, 2009 and remains pending before the Supreme Court of British Columbia as <u>In the Matter of Evergreen Gaming Corporation and Washington Gaming, Inc., and Their Subsidiaries Listed on Schedule "A"</u>, Case No. S-092767; the Court makes the following findings of fact and conclusions of law:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 133 of the United States Bankruptcy Code (the "Code");

B. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(P);

C. Venue is properly located in this District pursuant to 28 U.S.C. §1440;

D. On April 15, 2009, Evergreen Gaming Corporation ("Evergreen") and nineteen Canadian and American affiliates (collectively, the "Evergreen Group" or the "Debtors") filed a consolidated voluntary petition in the Supreme Court of British Columbia, Canada under the Canadian Companies' Creditors Arrangement Act (the "CCAA"), R.S. C. 1985, c.C-36 and C-44 and the Business Corporations Act, S.B.C. 2002, c.57 (the "CCAA Proceeding");[2]

---

[2] The "Evergreen Group" consists of Evergreen Gaming Corporation, the parent company, and the following direct and indirect subsidiaries: EGC Holdings Ltd., EGC Properties Ltd., Frank Sisson's Silver Dollar Ltd., Washington Gaming, Inc., Big Nevada, Inc., Little Nevada II, Inc., Little Nevada III, Inc., Silver Dollar Mill Creek, Inc., Golden Nugget Tukwila, Inc., Shoreline Gaming, Inc., Little Nevada, Inc., Snohomish Gaming Inc., Hollydrift Gaming, Inc., Royal Casino Holdings, Inc., Gameco, Inc., Gaming Management Inc., Gaming Consultants, Inc., Shoreline Holdings Inc., and Mill Creek Gaming, Inc. With the exception of EGC Holdings Ltd., EGC Properties Ltd., and Frank Sisson's Silver Dollar Ltd., each of the entities has filed chapter 15 a

ORDER RECOGNIZING FOREIGN MAIN
PROCEEDING PURSUANT TO CHAPTER 15 – 2

70919-0001/LEGAL15704216 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

E.  By order entered that same day, the Supreme Court of British Columbia appointed Deloitte & Touche Inc. as Monitor for all Debtors in the CCAA Proceeding. A certified copy of the order (i) granting relief under the CCAA, (ii) appointing Deloitte & Touche Inc. as the Monitor and (iii) authorizing the Monitor to commence this Chapter 15 Proceeding (the "CCAA Order") was attached to the Chapter 15 Petition filed by the Monitor;

F.  These Chapter 15 cases were properly commenced on April 15, 2009 (the "Petition Date") pursuant to §§1504 and 1515 of the Code, and the petitions on file in these cases meet all requirements of §1515 of the Code;

G.  The CCAA Proceeding is a "foreign proceeding" within the meaning of §101(23) of the Code;

H.  Evergreen was incorporated under the Business Corporations Act, S.B.C. 2002 c. 57, in 1979, and is a public company, listed on the Toronto TSX Venture Exchange (TSX-TNS-V). Evergreen has a registered address of 700-595 Howe Street, Vancouver BC V6C 2T5, and a primary business office at 11331 Coppersmith Way, in Richmond, B.C. Directly or indirectly, Evergreen owns 100% of the stock in all but one member of the Evergreen Group, which consists of a total of twenty (20) entities in British Columbia, Alberta and western Washington.

I.  Although some of Evergreen subsidiaries operate casinos in King and Snohomish Counties, the Evergreen Group's headquarters, where all significant business decisions are made, is in British Columbia, and the business is an integrated international enterprise that is owned by a publicly traded Canadian company;

---

petition in this Court. Another WGI subsidiary, Shoreline Gaming, Inc., dba Golden Nugget Casino, did not file either a CCAA Petition or a Chapter 15 Petition.

ORDER RECOGNIZING FOREIGN MAIN
PROCEEDING PURSUANT TO CHAPTER 15 – 3

70919-0001/LEGAL15704216.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

J. Notwithstanding the fact that some members of the Evergreen Group are Washington Corporations, the center of main interest of the Evergreen Group is in British Columbia, Canada, and the CCAA Proceeding is properly designated a "foreign main proceeding" within the meaning of §§1502(4) and 1517(b)(1) of the Code with respect to each of the Debtors;

K. From and after the Petition Date, the Monitor has been the duly appointed "foreign representative" within the meaning of §101(24) of the Code. By Order (the "Receivership Appointment Order" attached hereto as Exhibit 1) entered by the CCAA Court on July 3, 2009, Grant Thornton, Ltd. ("Grant Thornton") has been appointed as the Receiver with respect to all of the CCAA Debtors except Evergreen and Washington Gaming, Inc. ("WGI");

L. Pursuant to the Receivership Appointment Order and the Settlement Approval Order (attached as Exhibit 2) the Monitor will remain the foreign representative designated by the Supreme Court of British Columbia with respect to Evergreen and WGI;

M. WGI has one or more subsidiaries (the "Non-Debtor Subsidiaries") that are not guarantors of Evergreen's obligations to Fortress Credit Corporation and are not debtors in either the CCAA Proceeding or in these Chapter 15 Cases. Pursuant to the Settlement Approval Order and the Receivership Appointment Order, Evergreen and WGI will continue to operate the business of the Non-Debtor Subsidiaries of WGI;

N. As the duly appointed foreign representative of Evergreen and WGI in a foreign main proceeding, the Monitor is entitled to all of the relief provided under §1520 of the Code;

ORDER RECOGNIZING FOREIGN MAIN PROCEEDING PURSUANT TO CHAPTER 15 – 4

70919-0001/LEGAL15704216.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 09-13567-SJS    Doc 99    Filed 07/06/09    Entered 07/06/09 16:53:55    Page 4 of 8

O. The relief requested by the Monitor herein is necessary and appropriate and in the interest of international comity and the purposes of chapter 15 as provided in §1501 of the Code;

P. The relief sought by the Monitor herein is necessary and appropriate to effectuate the purposes of chapter 15 and to protect the assets of Evergreen and WGI in the United States and to protect the interests of all creditors of those two Debtors; and

Q. Notice of these proceeds has been sufficient and proper under the circumstances and no further notice is required or necessary.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Application is granted as provided herein;

2. This Court recognizes the CCAA Proceeding as a foreign main proceeding pursuant to 11 U.S.C. §1502 (4) and the Monitor is recognized as the Foreign Representative with respect to Evergreen and WGI;

3. The Monitor is hereby released and discharged from its duties and obligations herein with respect to all Debtors in these chapter 15 cases except Evergreen and WGI;

4. Pursuant to §1520 of the Code, §§361 and 362 are applicable to the proceedings and to all property of Evergreen and WGI within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate. Evergreen and WGI are hereby authorized to continue using Fortress' cash collateral held by Evergreen and WGI. Pursuant to Bankruptcy Code § 361, as adequate protection for the use of their collateral by Evergreen and WGI and to secure any diminution of value occurring in their collateral as a result of the Debtors' use of such cash collateral, Fortress shall retain its security interests and liens on their collateral. As further adequate protection for the use of their collateral by Evergreen and WGI and to secure any diminution of value occurring in

ORDER RECOGNIZING FOREIGN MAIN
PROCEEDING PURSUANT TO CHAPTER 15 – 5

70919-0001/LEGAL15704216.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 09-13567-SJS    Doc 99    Filed 07/06/09    Entered 07/06/09 16:53:55    Page 5 of 8

their cash and non-cash collateral as a result of the Receiver's use of such collateral, Fortress, is hereby granted liens (the "Replacement Liens") on (i) all proceeds from the disposition of their Prepetition Collateral, and (ii) all assets of Evergreen and WGI of the same kind, type and nature as the Prepetition Collateral in which they held an interest on the Petition Date which are acquired after the Petition Date (the "Postpetition Collateral"). As further adequate protection of the use of Fortress' collateral and to protect against any diminution in value occurring in its cash and non-cash collateral, Fortress is granted a security interest in all undeposited cash held by Evergreen and WGI (the "Undeposited Cash"), which lien shall be deemed perfected by this Order without further action by Fortress, *provided, however,* that any secured creditors' lien on undeposited cash shall be subordinate to the Debtors' obligations to individual customers in the ordinary course of payment of legitimate gambling winnings or redemption payments for chips. As further adequate protection of Fortress's interests in cash collateral, if and to the extent that the other adequate measures of this Order prove insufficient to fully protect Fortress's interest in its collateral, Fortress is hereby granted first priority administrative expenses rights of recovery from the proceeds of any unencumbered assets[3] of the Evergreen and WGI estates in the amount of any unsatisfied collateral deficiency; *provided, however,* that nothing in this paragraph shall impact or negate the priority of the Administration Charge granted in the CCAA Proceeding Initial Order and as provided in the Settlement Approval Order.

    5.    To the extent not stayed pursuant to the preceding paragraph,

    (a)    Pursuant to §§1521(a)(1) and (a)(2)) of the Code, the commencement or continuation of any proceeding concerning the assets, rights, obligations or liabilities of Evergreen or WGI, and the execution against any assets of

---

[3] This provision is intended to afford Fortress rights comparable to § 507(b) of the Bankruptcy Code.

PROCEEDING PURSUANT TO CHAPTER 15 – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

70919-0001/LEGAL15704216.1

Case 09-13567-SJS   Doc 99   Filed 07/06/09   Entered 07/06/09 16:53:55   Page 6 of 8

Evergreen or WGI, are hereby stayed. Any party wishing to terminate, modify, alter, or interfere with any executory contract with Evergreen or WGI in the United States, for any reason, must bring an action or proceeding for such relief in the CCAA Proceeding prior to taking any action with respect to such contract(s);

(b) Pursuant to §§1521(a)(3) the right to transfer, encumber or otherwise dispose of any assets of Evergreen or WGI other than in the ordinary course of business is stayed and shall be subject to the jurisdiction and determinations of the CCAA Court;

6. Subject to the terms and provisions of the CCAA Order, the Settlement Approval Order and the Receivership Appointment Order, Evergreen and WGI may continue to operate their business and to exercise the rights and powers of a trustee as provided in the CCAA Order, to the full extent provided by §§363 and 552.

7. The Monitor shall have the same powers in the United States with respect to performance of its duties under the CCAA Order as the Monitor has in the CCAA Proceeding, including but not limited to the right to access to the Property, books, records and employees of Evergreen and WGI; the authority to compel production of Evergreen and WGI's books and records and the examination of any person pursuant to Bankruptcy Rule 2004; to monitor the receipts and expenses of Evergreen and WGI, and to perform such other duties as required by the Court in the CCAA Proceeding; and

8. Evergreen and WGI shall cooperate fully with the Monitor with respect to the rights and duties of the Monitor under this Order and as the recognized foreign representative of Evergreen and WGI with respect to the CCAA Proceeding.

ORDER RECOGNIZING FOREIGN MAIN
PROCEEDING PURSUANT TO CHAPTER 15 – 7

70919-0001/LEGAL15704216.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 09-13567-SJS    Doc 99    Filed 07/06/09    Entered 07/06/09 16:53:55    Page 7 of 8

DONE IN OPEN COURT this 6 day of July, 2009.

_____
United States Bankruptcy Court Judge

Presented by:

Perkins Coie LLP

By: /s/ Bruce G. MacIntyre
    Bruce G. MacIntyre, WSBA No. 18984
    Attorney for Foreign Representative
    Deloitte & Touche, Inc.


Approved as to Form, Notice of Presentation waived

CAIRNCROSS & HEMPELMANN, P.S.

By: s/s John R. Rizzardi
    John R. Rizzardi, WSBA No. 9388
    Attorneys for Debtors, Evergreen Gaming Corporation, et al.

K & L GATES LLP

By: /s/ Michael J. Gearin
    Michael J. Gearin, WSBA No.20982
    Attorneys for Fortress Credit Corporation

ORDER RECOGNIZING FOREIGN MAIN
PROCEEDING PURSUANT TO CHAPTER 15 – 8

70919-0001/LEGAL15704216.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000