Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA #33143
Ramie N. O'Neill, WSBA #40689
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Samuel J. Steiner
Chapter 15
Hearing Date: July 6, 2009
Hearing Time: 1:30 p.m.
Response Due: June 29, 2009

*[FILED stamp: Western District of Washington at Seattle, JUL -6 2009, U.S. Bankruptcy Court (JJB)]*

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

In re

DELOITTE & TOUCHE, INC.
   as Foreign Representative of

EVERGREEN GAMING CORP., et al.
   Debtors in a Foreign Proceeding.

Case No. 09-13567 (SJS)
(Main Case)

ORDER GRANTING MOTION FOR AMENDMENT AND MODIFICATION OF INTERIM ORDERS GRANTING FOREIGN REPRESENTATIVE'S EMERGENCY REQUEST FOR RELIEF UNDER 11 U.S.C. SECTIONS 1519, 105, AND 362(a), FOR SUBSTITUTION OF RECEIVER AS FOREIGN REPRESENTATIVE AND RECOGNIZING RECEIVER AS FOREIGN REPRESENTATIVE IN MAIN PROCEEDING

THIS MATTER comes before the Court to consider the Motion for Amendment and Modification of Interim Orders Granting Foreign Representative's Emergency Request for Relief Under 11 U.S.C. §§ 1519, 105, and 362(a), For Substitution of Receiver as Foreign Representative and Granting Interim Authority for Administration to Foreign Representative (the "Motion"), jointly filed by Grant Thornton Limited ("GTL" or the "Receiver") and Fortress Credit Corporation ("Fortress"). By order of the British Columbia Supreme Court (the "Canadian Court") dated July 3, 2009 (as it may be amended from time to time: the "Canadian Receivership

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 1

K\0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

Order") in British Columbia Supreme Court Action No. S092767, Vancouver Registry (the "Canadian Receivership Proceeding"), GTL was appointed as receiver and duly authorized foreign representative of Big Nevada, Inc., Little Nevada II, Inc., Little Nevada III, Inc., Silver Dollar Mill Creek, Inc., Golden Nugget Tukwila, Inc., Shoreline Gaming, Inc., Little Nevada, Inc., Snohomish Gaming, Inc., Hollydrift Gaming, Inc., Royal Casino Holdings, Inc., Gameco, Inc., Gaming Management, Inc., Gaming Consultants, Inc., Shoreline Holdings, Inc., and Mill Creek Gaming, Inc., the Washington Receivership Subsidiaries (collectively, the "Washington Receivership Subsidiaries") of Evergreen Gaming Corporation ("Evergreen"). A copy of the Canadian Receivership Order is attached hereto as Exhibit A.

Pursuant to a written settlement agreement between Evergreen, Washington Gaming, Inc. ("WGI"), the Washington Receivership Subsidiaries, Mountlake Gaming, Inc. Riverside Casino, Inc., Cory Coyle, Norm Osatuik and Fortress, which was also approved by the Canadian Court on July 3, 2009, pursuant to an order (the "Settlement Approval Order", Evergreen, WGI and subsidiaries of WGI which are not Chapter 15 debtors in this case (Mountlake Gaming, Inc. and Riverside Casino, Inc.) will not be placed under the control of the Receiver and Evergreen and WGI will propose a Plan of Arrangement (the "Evergreen/WGI Plan of Arrangement")within the CCAA Proceeding (as defined below). Deloitte and Touche, Inc. (the "Monitor") will continue to act as foreign representative of Evergreen and WGI in their Chapter 15 cases.

The Receiver and Fortress seek to amend and modify interim orders -- previously entered by this Court granting provisional relief pursuant to Bankruptcy Code §§ 1519, 105, and 362 -- to obtain emergency relief 1) substituting the Receiver for the Monitor as the foreign representative in

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 2

K \0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

the Chapter 15 cases for the Washington Receivership Subsidiaries[1] and 2) granting the Receiver authority to administer the Washington Receivership Subsidiaries' affairs in a manner consistent with the Canadian Receivership Order; and (3) recognizing the Receiver as the foreign representative in a foreign main proceeding for the Washington Receivership Subsidiaries. Counsel for Fortress has caused a Notice of Hearing on this Motion to be either electronically served via the ECF system, faxed to certain parties in interest who are represented by counsel, or mailed to creditors on the official mailing list. The Court has considered the Motion, the Declarations of Jeff Slahor and Constantine Dakolias, and the other pleadings and papers on file in this case.

BASED ON THE FOREGOING, the Court makes the following findings of fact and conclusions of law:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C. Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

D. These Chapter 15 cases were properly commenced on April 15, 2009 pursuant to §§ 1504 and 1525 of title 11 of the United States Code (the "Bankruptcy Code") by the Monitor, the monitor in the Companies Creditor's Arrangement Act Proceeding ("CCAA Proceeding") in British Columbia, Canada.

E. On July 3, 2009 GTL was appointed as the receiver of the assets and undertakings

---

[1] The case numbers affiliated with each Washington Receivership Subsidiaries are as follows: Big Nevada Inc. (Case No. 09-13569 (SJS)), Little Nevada II, Inc. (Case No. 09-13570 (SJS)), Little Nevada III, Inc. (Case No. 09-13572 (SJS)), Silver Dollar Mill Creek, Inc. (Case No. 09-13573 (SJS)), Golden Nugget Tukwila, Inc. (Case No. 09-13574 (SJS)), Shoreline Gaming, Inc. (Case No. 09-13576 (SJS)), Little Nevada, Inc. (Case No. 09-13577 (SJS)), Snohomish Gaming, Inc. (Case No. 09-13578 (SJS)), Hollydrift Gaming, Inc. (Case No. 09-13579 (SJS)), Royal Casino Holdings, Inc. (Case No. 09-13580 (SJS)), Gameco, Inc. (Case No. 09-13581 (SJS)), Gaming Management Inc. (Case No. 09-13583 (SJS)), Gaming Consultants, Inc. (Case No. 09-13584 (SJS)), Shoreline Holdings, Inc. (Case No. 09-13585 (SJS)), and Mill Creek Gaming, Inc. (Case No. 09-13586 (SJS)).

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 3

K \0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

of the Washington Receivership Subsidiaries pursuant to Section 47(1) of the *Bankruptcy and Insolvency Act* (Canada) (the "BIA") and Section 39 of the *Law and Equity Act* (British Columbia) (collectively, the "Canadian Receivership Statutes").

F. The Receiver qualifies as a "foreign representative" and a person or body within the meaning of §§ 101(24) and 1517(a)(2) of the Bankruptcy Code.

G. The Receiver has standing to bring the Motion pursuant to Bankruptcy Rule 7025.

H. The Canadian Receivership Proceeding currently pending in British Columbia constitutes a "foreign proceeding" within the meaning of § 101(23) of the Bankruptcy Code, and is a "foreign main proceeding" within the meaning of § 1502(4) of the Bankruptcy Code and under § 1517(b)(1) of the Bankruptcy Code.

I. Pursuant to the Canadian Receivership Order, the Receiver is authorized to apply to the United States Bankruptcy Court for recognition as the foreign representative of the Washington Receivership Subsidiaries, as required by §§ 101(24) and 1512 of the Bankruptcy Code.

J. The assets of the Washington Receivership Subsidiaries are by their nature, or because of other circumstances, perishable, susceptible to devaluation, or otherwise in jeopardy within the meaning of § 1519(a)(2) of the Bankruptcy Code.

K. The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to §§ 1519, 105, and 362(a) of the Bankruptcy Code.

L. The relief sought by the Receiver under §1519 of the Bankruptcy Code is necessary to effectuate the purpose of Chapter 15, to protect the assets of the Washington Receivership Subsidiaries and to protect the interests of creditors.

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 4

K \0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

NOW, THEREFORE, BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND GOOD CAUSE APPEARING IT IS HEREBY ORDERED AS FOLLOWS:

1. Pursuant to §§ 1518, 1519, and 105 of the Bankruptcy Code, the Receiver is substituted for the Monitor as foreign representative only in the cases for the Washington Receivership Subsidiaries.

2. Pursuant to § 1519(a)(2) of the Bankruptcy Code, the Receiver is hereby entrusted with the administration or realization of all of the Washington Receivership Subsidiaries' assets within the territorial jurisdiction of the United States, and in connection therewith, is hereby specifically authorized to exercise the powers granted to it in the Canadian Receivership Order with respect to any assets and property in the territorial jurisdiction of the United States, subject to the terms and conditions contained in the Canadian Receivership Order, and without further intervention of this Court. The foregoing is without prejudice to the right of the Receiver to seek additional relief under applicable provisions of the Bankruptcy Code, including without limitation §§ 363 and 521 of the Bankruptcy Code.

3. Pursuant to the First Interim Order, entered on April 17, 2009 (Docket # 42), the Second Interim Order, entered on April 22, 2009 (Docket # 49), the Stipulated Final Order Granting Foreign Representative's Emergency Request for Interim Relief Under 11 U.S.C. §§ 1519, 105, and 362(a) (the "Third Interim Order"), entered on May 4, 2009 (Docket # 63), and the Stipulated Order (1) Extending Interim Order Granting Foreign Representative's Emergency Request for Interim Relief Under 11 U.S.C. §§ 1519, 105, and 362(a) and (2) Continuing Hearing on Application for Recognition of Foreign Main Proceeding (the "Fourth Interim Order"), entered

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 5

K \0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

on May 20, 2009 (Docket # 68) and the Fifth Interim Order entered on July 2, 2009 (Docket # 95)(collectively, the "Interim Orders"), unless expressly modified herein all previous provisional relief ordered by this Court shall continue to apply to the proceedings for the Washington Receivership Subsidiaries, and to any property of the Washington Receivership Subsidiaries within the territorial jurisdiction of the United States.

4. The Third Interim Order shall remain in effect, is hereby modified effective as of the date of this Order with respect only to the Washington Receivership Subsidiaries as follows:

A. Paragraph 10 shall be deleted in its entirety and replaced with:

The Receiver for the Washington Receivership Subsidiaries shall be permitted to transfer funds from normal business operations in Washington State to affiliates in Canada as needed to pay the expenses of such affiliates in Canada, *provided however*, that (i) the Washington Receivership Subsidiaries, through the Receiver, shall give Fortress not less than (3) three business days notice of the intent to transfer any funds from Washington operations to Canada, which notice shall state the specific destination, timing and the intended uses for such funds; (ii) all such funds transferred to Canada shall be deposited only in the Deposit Accounts, or other controlled bank accounts previously approved by Fortress, such approval not to be unreasonably withheld; and (iii) transferred funds shall be used only for expenses as reflected in the budget.

B. Paragraph 12 shall be deleted in its entirety and replaced with:

The Receiver shall provide copies of all reports issued with respect to the Canadian Receivership Proceeding to Fortress, and shall make reasonable efforts to provide additional information and reports as Fortress may reasonably request.

C. Paragraph 13 shall be deleted in its entirety.

D. Paragraph 14 shall be deleted in its entirety.

E. Paragraph 15 shall be amended so that the reference to "the Monitor" shall be replaced with "the Receiver."

F. Paragraph 16 shall be deleted in its entirety.

G. Paragraph 17 shall be amended so that all references to "Debtors" shall be

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 6

K \0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

replaced with "the Receiver" and shall reflect that the Receiver shall cause the Chapter 15 Debtors to make timely payment of all monthly rent due for leases of non-residential property used in the operation of their businesses; provided however, that nothing in this Order shall obligate the receiver to cause the Debtors to make lease payments on rental property that the Receiver no longer uses or intends to use for business purposes.

H. Paragraph 20 shall be deleted in its entirety and replaced with:

Fortress shall be permitted to discuss the Washington Receivership Subsidiaries' affairs, finances and business with the Receiver, at such reasonable times during normal business hours and as often as may be reasonably requested. The Receiver and the Washington Receivership Subsidiaries shall permit Fortress and any authorized representatives designated by Fortress (including without limitation, its auditors, appraisers, and financial advisors) to visit and inspect any of the properties of the Washington Receivership Subsidiaries, including their respective financial and accounting records, and to make copies and take extracts therefrom. Nothing herein shall require the sharing of any information that may, in any way, compromise the attorney-client privilege of the Receiver or Fortress or information protected by the work product doctrine. The parties shall cooperate in seeking appropriate protections from this Court for information that they desire to be protected under seal of this court.

I. Paragraph 21 shall be deleted in its entirety and replaced with:

Unless Fortress and the Receiver mutually agree to less frequent reporting, the Receiver shall deliver a cash collateral usage report to Fortress on the first Monday of each week for the prior week, which prior week shall end on Wednesday for such reporting purposes. Such report shall categorize expenditures under the major categories of rent, payroll, gambling taxes and other expenses, and shall provide a listing of expenditures under each category. In addition to the weekly cash collateral usage report, by the seventh day of each month, the Receiver shall deliver a monthly cash collateral usage report containing a variance analysis and reconciliation of actual results to the Budget and the budget projections.

5. The Fourth Interim Order, entered on May 20, 2009, is hereby modified as follows:

A. Paragraph 3 shall be deleted in its entirety and replaced with:

Fortress has asserted that it is entitled to adequate protection payments in the amount of any excess cash not necessary to fund the Washington Receivership Subsidiaries' operations. Fortress reserves the right to move to compel such

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 7

K \0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

adequate protection payments which motion may be made on seven (7) business days notice.

6. The Receiver is hereby authorized to continue using Cash Collateral in the exercise of its powers and subject to the terms of the Canadian Receivership Order and the budgets attached to the Third Interim Order Granting Interim Relief entered May 4, 2009 as may be amended by agreement of Fortress and the Receiver. Pursuant to Bankruptcy Code § 361, as adequate protection for the use of their collateral by the Receiver and to secure any diminution of value occurring in their collateral as a result of the Receiver's use of such Cash Collateral, all creditors holding a perfected security interest in the Washington Receivership Subsidiaries' cash, including but not limited to Fortress, shall retain their security interests and liens on their collateral. As further adequate protection for the use of their collateral by the Receiver and to secure any diminution of value occurring in their cash and non-cash collateral as a result of the Receiver's use of such collateral, all creditors claiming a security interest in the Washington Receivership Subsidiaries' cash, including but not limited to Fortress, are hereby granted liens (the "Replacement Liens") on (i) all proceeds from the disposition of their Prepetition Collateral, and (ii) all assets of the Washington Receivership Subsidiaries of the same kind, type and nature as the Prepetition Collateral in which they held an interest on the Petition Date which are acquired after the Petition Date (the "Postpetition Collateral"). As further adequate protection of the Washington Receivership Subsidiaries' use of Fortress' collateral and to protect against any diminution in value occurring in its cash and non-cash collateral, Fortress is granted a security interest in all undeposited cash held by the Washington Receivership Subsidiaries (the "Undeposited Cash"), which lien shall be deemed perfected by this Order without further action by Fortress, *provided, however*, that any secured creditors' lien on undeposited cash shall be subordinate to the

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 8

K \0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

Washington Receivership Subsidiaries' obligations to individual customers in the ordinary course of payment of legitimate gambling winnings or redemption payments for chips. As further adequate protection of Fortress's interests in cash collateral, if and to the extent that the other adequate measures of this Order prove insufficient to fully protect Fortress's interest in its collateral, Fortress is hereby granted first priority administrative expenses rights of recovery from the proceeds of any unencumbered assets[2] of the Washington Receivership Subsidiaries' estates in the amount of any unsatisfied collateral deficiency.

7.  Pursuant to § 1521(a)(5) of the Bankruptcy Code, the Receiver is hereby empowered to administer or realize on all of the Washington Receivership Subsidiaries' assets within the territorial jurisdiction of the United States. The Receiver shall have the same powers in the United States with respect to the performance of its duties as provided for under the Canadian Receivership Order, including the following powers:

   A.  Subject to paragraph 6 herein, to incur expenses, and to use the Washington Receivership Subsidiaries' cash to pay expenses, incidental to the Receiver's preservation and use of the property with respect to which the appointment applies, and otherwise in the performance of the Receiver's duties;

   B.  To do all things that the Washington Receivership Subsidiaries might do in the ordinary course of the operations of their businesses as a going concern, or in the use of their property, including, but not limited to, purchasing and selling goods or services in the ordinary course of such business and incurring and paying expenses of the business in the ordinary course;

---

[2] This provision is intended to afford Fortress rights comparable to § 507(b) of the Bankruptcy Code.

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 9

K \0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

C. To assert any rights, claims, or interests of the Washington Receivership Subsidiaries and to operate under the auspices of any existing license or regulatory approval in the name of the Washington Receivership Subsidiaries to include rights under any liquor license issued by the Liquor Control Board and any gambling license issued by the Washington State Gambling Commission;

D. To sell all or substantially all of the assets of the Washington Receivership Subsidiaries as a going concern or as non-operating assets, with the Court's approval after notice and a hearing;

E. To perform legal, accounting, consulting, and tax services with respect to the Washington Receivership Subsidiaries, as necessitated by these proceedings or by law in connection with the performance of the Receiver's duties and to complete and file such other regulatory or governmental filings and reports as may be necessary to support the ongoing operations of the Washington Receivership Subsidiaries;

F. To bring and prosecute actions for (i) the recovery of any assets of the Washington Receivership Subsidiaries held by third parties; (ii) the collection of any sums owing to the Washington Receivership Subsidiaries; and (iii) obtaining possession or control over the Washington Receivership Subsidiaries or their assets.

G. To open and maintain such bank accounts as may be necessary for the deposit of monies collected or received by the Receiver, and to, in its discretion, maintain in place, or renew in the name of the Receiver all existing depository relationships between the Washington Receivership Subsidiaries and their banks or other financial institutions. The Receiver may obtain a federal tax identification number to provide to such banks so as

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 10

K \0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

to establish such accounts;

  H. After notice and a hearing, to obtain credit or incur indebtedness other than in the ordinary course of business;

  I. To negotiate and settle claims in the ordinary course of business;

  J. To enter into leases and contracts in the ordinary course of business;

  K. To assume or reject any executory contract or unexpired lease of the Washington Receivership Subsidiaries upon order of the Court following notice to the other party to the contract or lease upon notice and a hearing;

  L. To retain or dismiss any employees of the Washington Receivership Subsidiaries and deny the rights of access of any existing of former employees to the business premises, records, or information;

  M. To employ such persons or entities as the Receiver deems appropriate, including legal and accounting professionals and gambling consultants and also including current employees of the Washington Receivership Subsidiaries, in connection with the Receiver's management and operation of the Washington Receivership Subsidiaries and their assets; and

  N. The Receiver is hereby authorized to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, right, obligation or liabilities of the Washington Receivership Subsidiaries to the Court, Fortress and other parties in interest in the Receiver's discretion.

  8. Upon the request of the Receiver, the Washington State Gambling Commission and the Washington State Liquor Control Board are hereby directed to transfer to the Receiver all liquor

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 11

K:\0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

or gambling licenses issued to the Washington Receivership Subsidiaries, subject to payment of transfer fees and verification of the Receiver's qualifications.

9. No action taken by the Receiver, the Washington Receivership Subsidiaries or any of their successors, agents, representatives, advisers or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the Canadian Receivership Proceeding, this Order, or this Chapter 15 case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the immunity afforded such person under §§ 306 and 1510 of the Bankruptcy Code.

10. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in through this Chapter 15 case, any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

11. Nothing in this Order shall require the Receiver to occupy or to take control, care, charge, possession or management (separately and/or collectively, "Possession") of any of the Property of the Washington Receivership Subsidiaries that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release, or deposit of a substance contrary to any federal, provincial or other law relating to the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. 9601 et seq., the Resource Conservation and Recovery Act, 42 U.S.C. 6901 et seq., the Clean Water Act, 33 U.S.C. 1251 et seq., the Clean Air Act, 33 U.S.C. 7470 et. seq., the

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 12

K \0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

Washington Model Toxics Control Act, Ch. 70.105D Rev. Code Wash., the Washington Hazardous Waste Management Act, Ch. 70.105 Rev. Code Wash., the Washington Water Pollution Control Act, Ch. 90.48 Rev. Code Wash., and the Washington Clean Air Act, Ch. 70.94 Rev. Code Wash. and regulations thereunder (collectively "Environmental Legislation"), provided however that nothing herein shall exempt the Receiver from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Receiver shall not, as a result of this Order or anything done in pursuance of the Receiver's duties and powers under this Order, be construed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless the Receiver is actually in Possession.

12. The Receiver shall incur no personal liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, save and except for any gross negligence or willful misconduct on its part. Nothing in this Order shall derogate from the protections afforded the Receiver by Section §§ 306 and 1510 of the Bankruptcy Code or by any other applicable legislation.

13. The Court recognizes the Evergreen Group CCAA Proceeding as modified by the Receiver's appointment as a foreign main proceeding with respect to each of the Washington Receivership Subsidiaries and recognizes the Receiver as the foreign representative in the cases for those entities. Such recognition shall be effective as against any creditors and parties interest who have been afforded notice of these proceedings. The Receiver will investigate the existence of additional creditors and parties in interest who have not received such notice and will bring a subsequent motion for confirmation of its recognition on notice to those parties.

14. Pursuant to § 1520 of the Bankruptcy Code: §§ 361 and 362 of the Bankruptcy

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 13

K \0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022

Code are applicable to the proceedings and to the Washington Receivership Subsidiaries and all property of such entities in the territorial jurisdiction of the United States to the same extent that those sections would apply to property of a bankruptcy estate.

DATED this 6 day of July, 2009.

_____
Honorable Samuel J. Steiner
UNITED STATES BANKRUPTCY JUDGE

Presented by:

K&L GATES LLP

By_____
   Michael J. Gearin, WSBA # 20982
   David C. Neu, WSBA #33143
   Ramie N. O'Neill, WSBA #40689
Attorneys for Fortress Credit Corporation

Approved as to Form;
Approved for Entry:

DAVIS WRIGHT TREMAINE

By_____
  C. Keith Allred, WSBA # 06566
Attorneys for Grant Thornton, Receiver

ORDER GRANTING MOTION FOR
AMENDMENT AND MODIFICATION
OF INTERIM ORDERS - 14

K \0607766\00002\20892_MJG\20892P23NE

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE (206) 623-7022